# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 1, 2016 Session

## PATRICK R. MILLER v. VANDERBILT UNIVERSITY

**Appeal from the Circuit Court for Davidson County**
**No. 11C3836 Thomas W. Brothers, Judge**
_____

**No. M2015-02223-COA-R3-CV – Filed September 29, 2017**
_____

RICHARD H. DINKINS, JUDGE, concurring in part and dissenting in part.

I concur in so much of the majority opinion that affirms the trial court's exclusion of testimony regarding Mr. Miller's health insurance status and grant of a directed verdict on the claim for punitive damages. I dissent from the grant of a directed verdict on the remaining claims, however, because I believe the proof introduced was sufficient to establish a *prima facie* case of liability.

The standards applicable to a motion for a directed verdict were succinctly set forth in *Brown v. Christian Bros. University*:

> A motion for a directed verdict provides a vehicle for deciding questions of law; the question presented is whether the plaintiff has presented sufficient evidence to create an issue of fact for the jury to decide. Appellate courts must conduct a *de novo* review of a trial court's ruling on a motion for a directed verdict, applying the same standards that govern the trial court's determination. A directed verdict cannot be based upon speculation, conjecture, guesswork, or a mere spark or glimmer of evidence. A directed verdict is appropriate only when evidence, viewed reasonably, supports only one conclusion. If "reasonable minds could ... differ as to the conclusions to be drawn from the evidence," the motion must be denied. Motions for a directed verdict require more certainty and proof than do motions for an involuntary dismissal. In reviewing a motion for a directed verdict, courts must take the strongest legitimate view of the evidence against the directed verdict and must deny the motion in any case where all reasonable persons would not reach the same conclusion. Only if there is no material evidence in the record that would support a verdict for the

plaintiff under any of the plaintiff's theories, may the trial court's action in directing a verdict be sustained. Accordingly:

> To avoid a directed verdict under Tenn. R. Civ. P. 50, the nonmoving party must present some evidence on every element of its case—enough evidence to establish at least a *prima facie* case. Normally, a directed verdict is proper only where no material evidence exists on one or more elements that the non-moving party must prove. Whether the trial court should have directed a verdict presents [the appellate court] with the legal question of whether material evidence was introduced on every element sufficient to create a jury issue.

428 S.W. 3d 38, 49-50 (Tenn. Ct. App. 2013) (quoting *Richardson v. Miller,* 44 S.W.3d 1, 30 (Tenn. Ct. App. 2000) (internal citations omitted).

Measured against this standard, I believe the proof introduced by Mr. Miller was sufficient to survive the motion for directed verdict. Both Dr. Felts and Dr. Gandy opined as to the applicable standards of care, the deviations therefrom, and causation. The record shows that Mr. Miller's white blood cell count was elevated on November 2, the date of his last surgery and three days prior to his release, symptomatic of an infection; with no medical attention being directed to that condition, the infection progressed and resulted in the amputation of a portion of his leg. I do not believe that the standard the court is to apply in considering a motion for directed verdict required the grant of the motion. To the extent the court would require that a specific physician be named, I believe Dr. Gandy's reference to Dr. Mir, quoted in the majority opinion, while not the clearest identification of the responsible physician, is sufficient to meet the agency principles applicable in this case and would require Vanderbilt to proceed with the presentation of its proof. Further, I believe that, if there were any question in the trial court's mind, Mr. Miller's motion to reopen the proof should have been granted; I discern no unfairness to the defendant in allowing Mr. Miller an opportunity to recall Dr. Gandy for this purpose.

_____
RICHARD H. DINKINS, JUDGE

2